UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMAL SHEHADEH, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3103 |
| SALVADOR GODINEZ, et al., | ) |
| Defendants. | ) |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se, filed this case from his incarceration in Big Muddy Correctional Center.  He seeks leave to proceed in forma pauperis on claims arising from his termination from a substance abuse program.  Plaintiff was released from prison after filing this case, but the Court must still review the Complaint pursuant to 28 U.S.C. § 1915A.

## ALLEGATIONS

In August, 2011, Plaintiff enrolled in a substance abuse treatment program offered through the prison, which provided Plaintiff an opportunity to earn good conduct credit.  Plaintiff

observed fraudulent practices in the operation of the program. In particular, he observed that Defendants Behrends and Barnette were falsifying treatment records to show that some inmates had participated in treatment when they had not. He also observed Behrends and Barnette falsifying records of inmates whom they sought to eject from the program for retaliatory reasons.

Plaintiff filed a grievance reporting the improper and fraudulent behavior of the individuals running the substance abuse treatment program. In retaliation, he was terminated from the program without any notice or an opportunity to be heard. His records were allegedly falsified to justify Plaintiff's termination from the program. Plaintiff filed additional grievances which were denied, even though IDOC officials allegedly acknowledged that the substance abuse treatment program was operating in violation of IDOC rules and regulations.

Plaintiff filed an action in state court for mandamus relief. On March 15, 2013, the state court granted Plaintiff's request, directing the IDOC Director to credit Plaintiff with 45 days of good conduct credit. Plaintiff followed with this lawsuit in federal court.

## ANALYSIS

Plaintiff states a plausible First Amendment claim that he was terminated from the substance abuse treatment program in retaliation for his grievances. He also states a claim that he was denied procedural due process of law before he was terminated from the program.

Plaintiff alleges that all the Defendants played a part in the constitutional violations, either by causing Plaintiff's termination or by turning a blind eye to or approving of the termination. Determining which Defendants were personally responsible must await a more developed record. All Defendants remain in the case at this point.

**IT IS THEREFORE ORDERED:**

1) The merit review scheduled for June 3, 2013 is cancelled.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following federal claims: 1) First Amendment claim that Defendants retaliated against Plaintiff for filing grievances; 2) Fourteenth Amendment procedural due process claim that Plaintiff was terminated from the substance abuse treatment program without

procedural due process.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

     3)    If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

     4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5)     Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6)     Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be stricken by the Court.

7)     Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on July 22, 2013, at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.**

ENTERED:   May 29, 2013

FOR THE COURT:

                                           **s/Sue E. Myerscough**
                                        SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE