UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMAL SHEHADEH, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>   )<br>)<br>SALVADOR GODINEZ, )<br>et al., )<br>)<br>   Defendants. ) | 13-CV-3103 |

## OPINION

Plaintiff moves to file under seal documents responsive to Defendants' motion to compel.  Sealing documents is disfavored because the public has an interest in court proceedings.  *See* Local Rule 5.10(A)(2); <u>Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 945 (7th Cir. 1999)("[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.); <u>Citizens First National Bank of Princeton v. Cincinnati Ins. Co.</u>, 178 F.3d 943, 944 (7th Cir. 1999)(court must makes its own determination whether good cause exists for sealing the record).  Plaintiff does not adequately explain

why the documents should be sealed. If Plaintiff is trying to comply with Defendants' discovery requests, Plaintiff's responses must be sent to Defense counsel and not filed with the Clerk. *See* Local Rule 26.3.

Plaintiff's documents will not be filed under seal. Instead, the documents will be held in the vault and will not be considered by the Court. Plaintiff may retrieve the documents if he wishes or contact the Clerk to have them mailed back to Plaintiff.

Plaintiff also moves for the Court to try to recruit pro bono counsel for Plaintiff in order to facilitate communication with potential witnesses who are former or current IDOC inmates. Plaintiff appears competent to proceed pro se in this case. Plaintiff's pleadings demonstrate a good command of the applicable law and an ability to effectively communicate in writing. Plaintiff has been released from prison, which will make pursuing this case easier for Plaintiff. Plaintiff also has personal knowledge of many of the relevant facts. Plaintiff should contact his parole agent and the warden of the appropriate institution to request permission to contact current and former inmates, listing the name of each person and the questions to be asked. If permission is denied,

Plaintiff may file a motion to compel, setting forth the name of each inmate or former inmate and the particular questions Plaintiff seeks to ask said inmates.

**IT IS THEREFORE ORDERED:**

1) If Plaintiff has not already done so, Plaintiff is directed to send his discovery responses to Defense counsel by December 12, 2013.

2) By December 19, 2013, Defendants are directed to inform the Court whether their motion to compel is moot because Plaintiff has now produced the requested documents.

3) Defendants' motion to stay the dispositive motion deadline on exhaustion is granted (d/e 55). The dispositive motion deadline on exhaustion is extended to 30 days after the Court rules on the motion to compel.

4) Plaintiff's motion for the appointment of counsel is denied (d/e 53).

5) Plaintiff's motion to file documents under seal is denied (d/e 54).

ENTERED:     December 6, 2013

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE